UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LUIS RODRIGUEZ CANTU,

      Petitioner,

      v.                                                                   CAUSE NO. 3:26cv337 DRL-SJF

WARDEN,

      Respondent.

ORDER TO SHOW CAUSE

Immigration detainee Luis Rodriguez Cantu, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. Rodriguez Cantu is a citizen of Mexico who claims to have been living in the United States continuously since 2009. He claims a notice to appear in immigration court was issued in 2020, and he was initially arrested but then released on a $4,000 bond. Since that time, he claims to have been living and working in Indiana pursuant to the terms of his bond. He says he filed a petition for a U-1 visa, which remains pending before the United States Citizenship and Immigration Services (USCIS).[1]

---

[1] The U-visa program, enacted in October 2000, "created a new nonimmigrant visa classification that permits immigrants who are victims of serious crimes and who assist law enforcement to apply for and receive a nonimmigrant visa called a U-visa." *Calderon-Ramirez v. McCament*, 877 F.3d 272, 274 (7th Cir. 2017). The U-visa provides legal status to petitioners and qualifying family members to apply for work authorization and to remain in the United States. *Id.* There is a statutory cap on the number of U-visas that can be granted each year, resulting in a waiting list for petitioners awaiting adjudication by USCIS. *Id.*

Mr. Rodriguez Cantu says he was taken into custody by agents of United States Immigration and Customs Enforcement (ICE) in January 2026 without legal process and is being detained at Miami Correctional Facility pending the outcome of his removal proceedings.[2] He asserts that he should be categorized under 8 U.S.C. § 1226(a), but the government has allegedly not followed the procedures under that statute because it views his detention as governed by 8 U.S.C. § 1225(b)(2).[3] He seeks immediate release from custody or other relief "the court deems just and proper."

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, Mr. Rodriguez Cantu alleges that his continued detention violates applicable statutes, implementing regulations, and the Fifth Amendment's Due Process Clause. The court has jurisdiction to consider those issues.

Some issues regarding detention under the Immigration and Nationality Act have already been thoroughly examined by the court, and in many other courts across the country. The court joined a large majority in concluding that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who are not otherwise "seeking admission" within the statute's

---

[2] He attaches documentation reflecting that he was convicted of disorderly conduct in Hendricks County shortly before being taken into custody by ICE, and that he obtained dismissal of a related domestic battery charge by participating in a pretrial diversion program.

[3] It appears he did not formally move for a custody redetermination by an immigration judge because he believes it would be futile to do so based on guidance provided to immigration judges by the Chief Immigration Judge in January 2026.

meaning. *See De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.); *Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.).

Notably, the court of appeals recently found in deciding a motion for a stay pending appeal that the government was not likely to succeed on the merits of its argument that the mandatory detention provision contained in § 1225(b)(2) applies to individuals who are arrested in the interior of the United States. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). Though preliminary, that opinion offers early echoes of what this court has done. The court also read the split decision in *Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026). This opinion, together with others, illustrates just how complicated this patchwork of statutes is, but the court remains persuaded in its current course under *Aguilar* and *Singh* until guidance comes from this circuit.

To the extent the Warden would raise the same arguments about subject matter jurisdiction and the applicability of § 1225(b)(2) already discussed in *Mejia Diaz*, *Aguilar*, and *Singh*, there is no need to rehash these same arguments. The parties may preserve them, and the court will deem such arguments preserved for review without need to repeat them in full in briefing and deem them likewise addressed by the court's previous orders, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided, and those issues particular to this petitioner.

Mr. Rodriguez Cantu asks the court to order a response within three days, as specified in 28 U.S.C. § 2243. Section 2243 is not controlling, however, as it has been superseded by the Rules Governing 2254 Cases, which also applies to habeas corpus petitions filed under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts; *see also Bleitner v. Welborn,* 15 F.3d 652, 653–54 (7th Cir. 1994) (discussing how Rule 4's grant of discretion to district judges to set deadlines supersedes the deadlines in § 2243). Nevertheless, a short deadline is warranted given the pressing nature of today's claims.

For these reasons, the court:

(1) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) on the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(2) DIRECTS the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(3) ORDERS the Warden, the Indiana Department of Correction, and the United States Attorney to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(4) ORDERS the Warden to file an answer to the petition by **March 26, 2026**, addressing petitioner's arguments that he is being illegally detained and providing relevant immigration records, including without limitation any administrative warrant

issued for his arrest pursuant to 8 U.S.C. § 1226(a) and documentation related to a revocation of his prior bond; and

(5) GRANTS the petitioner until **April 2, 2026**, to file a reply in support of his petition.

SO ORDERED.

March 19, 2026

_s/ Damon R. Leichty_
Judge, United States District Court